# UNITED STATES DISTRICT COURT

for the

Middle District of Tennessee

Nashville Division

**FILED**

2026 JUN 25 AM 9: 41

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

ETHAN JOHN WHITED

Case No. ___3:26cv-0857___

*(to be filled in by the Clerk's Office)*

)
)
)
)

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

Jury Trial: *(check one)* ✔Yes ☐No

**-v-**

CITY OF FRANKLIN TN, A Municipal Corporation
OFFICER JANE TEEPLES FPD
(see attached)

)
)
)
)
)
)
)
)
)
)
)
)
)
)

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names. Do not include addresses here.)*

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Non-Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | ETHAN WHITED |
| Address | 890 LAKE SHORE DRIVE |
| | NEVADA — IA — 50201 |
| | *City* — *State* — *Zip Code* |
| County | STORY |
| Telephone Number | 310-666-7916 |
| E-Mail Address | ethanjwhited@gmail.com |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | CITY OF FRANKLIN TN, A Municipal Corporation |
| Job or Title *(if known)* | |
| Address | 109 THIRD AVENUE SOUTH |
| | FRANKLIN — TN — 37064 |
| | *City* — *State* — *Zip Code* |
| County | WILLIAMSON |
| Telephone Number | 615-550-6603 |
| E-Mail Address *(if known)* | |

☐ Individual capacity   ☑ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | JANE TEEPLES |
| Job or Title *(if known)* | POLICE OFFICER 0993 |
| Address | 900 COLUMBIA AVENUE |
| | FRANKLIN — TN — 37064 |
| | *City* — *State* — *Zip Code* |
| County | WILLIAMSON |
| Telephone Number | 615-791-3234 |
| E-Mail Address *(if known)* | |

☐ Individual capacity   ☑ Official capacity

Defendant No. 3

| | |
|---|---|
| Name | ANDREW CANON |
| Job or Title *(if known)* | POLICE OFFICER 5116 |
| Address | 900 COLUMBIA AVENUE |

| | | |
|---|---|---|
| FRANKLIN | TN | 37064 |
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | WILLIAMSON |
| Telephone Number | 615-791-3234 |
| E-Mail Address *(if known)* | |

☐ Individual capacity ☑ Official capacity

Defendant No. 4

| | |
|---|---|
| Name | CONNOR JONES |
| Job or Title *(if known)* | POLICE OFFICER 4530 |
| Address | 900 COLUMBIA AVENUE |

| | | |
|---|---|---|
| FRANKLIN | TN | 37064 |
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | WILLIAMSON |
| Telephone Number | 615-791-3234 |
| E-Mail Address *(if known)* | |

(See Attached) for
Defendant(s) #5, #6 and 7

☐ Individual capacity ☑ Official capacity

## II.     Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.     Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B.     Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Plaintiff alleges that the Defendants, acting under color of state law, willfully violated Plaintiff's rights under the Fourth Amendment (unreasonable seizure, excessive force, malicious prosecution) and the Fourteenth Amendment (due process, fabrication, and destruction of exculpatory evidence) of the United States Constitution.

C.     Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

Specific Misconduct: On June 26, 2025, Flex Unit officers, specifically defendants Jones and Harris, intentionally failed to activate body-worn cameras to obscure illegal vehicle contact & lack of lights and sirens. Despite this, defendant Jones's 30-second pre-event buffer captured footage showing the plaintiff's vehicle rolling slowly away while Jones's vehicle was in reverse. (See attached)

## III. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Where did the events giving rise to your claim(s) occur?

Location: 2300 Aureum Drive Apt 23205 Franklin TN, 37067

Location: Left Turn Lane on Mallory Lane and Jordan Road Intersection Franklin TN, 37067

B. What date and approximate time did the events giving rise to your claim(s) occur?

Date of Incident: 06/26/2025
Time of Incident: 3:10 pm at 2300 Aureum Drive
Time of Incident: 3:46 pm at Mallory Lane & Jordan Road

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

On the afternoon of June 26, 2025, Plaintiff Ethan Whited left his apartment driving a 2012 Gold Nissan Altima. It was a hot afternoon, and Plaintiff decided to travel to the cinema complex off Mallory Lane and Jordan Road in Franklin, Tennessee, to spend a few hours before picking up his minor daughter from Day Care.

At all relevant times, Plaintiff was completely unaware of any false claims made by a 911 caller or that an active law enforcement deployment was underway. No unlawful activity occurred at Plaintiff's apartment to warrant fleeing.

While stopped completely inside the left-turn lane on Mallory Lane, a few hundred feet from the cinema complex, an unmarked white Ford F-150 pickup truck operated by the undercover FLEX Unit (driven by Defendant Jones) swerved from the adjacent northbound lane directly into the intersection and began aggressively backing up toward Plaintiff's stationary vehicle. (See Attachment)

## IV.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Psychological and lasting effects of false accusations and bonding with my daughter interupted. Missed development oppertunities during forced absence due to false domestic violence claims and preventing me to visit my daughter at day care.

Physical Damage: Had large red marks that cut into my skin from cuffs being tied as tight as they could be

Lost job opportunity and income as an Insurance Agent

Loss of livelihood as a Loan Officer with Fiduciary Standards To Maintain Licensing Impacted

Cost and suffering of 124 days of wearing an ankle monitor

Legal and bond expenses

Loss of mobility (DUI charges required installation of equipment on my vehicle) My vehicle was put in storage & I didn't drive until Sept 16, 2025.  The DA Office finally released the BAC test results of .04 at the Sept 16, 2025 Hearing. The DA didn't drop the charges instead they would not pursue the charge. The DUI was expunged on 12/04/2025

Missed chance to peacefully settle and build cient relationships in the community

Loss of Freedom (24 hours held in jail)

Permanent damage to character, reputation and peace of mind with no recourse to have charges removed or flagged as false allegations

Constant need to prove innocence  and FICO Score was lowered.

## V.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

WHEREFORE, Plaintiff Ethan Whited respectfully requests that this Court enter judgment in his favor and grant the following relief:

Declaratory Relief: A formal declaration that the Defendants violated department policy and the United States Constitution by bypassing recorded radio communication, manipulating body-worn cameras, and fabricating police reports to manufacture a fraudulent narrative.

Compensatory and Punitive Damages: Awarded against the Defendants, jointly and severally, in the total amount of $1,000,000 (One Million Dollars) for Loss of income, pain, suffering, severe emotional distress, court costs, bond fees, ankle monitor costs, vehicle storage fees, professional expenses required to renew his NMLS mortgage license, and to punish the individual officer Defendants for their malicious, reckless, and outrageous behavior under color of law.

Any such other relief as this Court deems just and proper.

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:            06/23/2026

Signature of Plaintiff

Printed Name of Plaintiff        Ethan John Whited

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

|  | City | State | Zip Code |
|---|---|---|---|

Telephone Number

E-mail Address

Print      Save As...      Add Attachment      Reset

Defendant(s) Expanded

CITY OF FRANKLIN TN, A Municipal Corporation
OFFICER JANE TEEPLES FPD
OFFICER ANDREW CANON FPD
OFFICER CONNOR JONES FPD
OFFICER CHRIS HARRIS FPD
OFFICER GARRETT DREESSEN FPD
RECORDS SUPERVISOR NICOLE SEARS

Supplemental I. B. Expanded

The Defendant(s)

Defendant No. 5

Name CHRIS HARRIS

Job Or Title POLICE OFFICER 4062

Address 900 COLUMBIA AVENUE FRANKLIN TN 37064
County WILLIAMSON
Telephone Number 615-79103234
Official capacity

Defendant No. 6

Name GARRETT DREESSEN

Job Or Title POLICE OFFICER 4728

Address 900 COLUMBIA AVENUE FRANKLIN TN 37064
County WILLIAMSON
Telephone Number 615-79103234
Official capacity

Defendant No. 7

Name NICOLE SEARS

Job Or Title RECORDS SUPERVISOR

Address 900 COLUMBIA AVENUE FRANKLIN TN 37064
County WILLIAMSON
Telephone Number 615-79103234
Official capacity

Supplemental II. D Expanded

The BWC video shows Defendant Jones taking his foot off of the brake and moving it to the accelerator pedal while Paintiff's vehicle was rolling slowly back. The BWC footage also shows Defendant Jones manipulating his control panel buttons, proving the officers delayed exiting their vehicles to clear the pre-buffer loop and obscure the first impact. Furthermore, Defendant Jones actively obstructed evidence collection by placing his thumb into the cameras' fields of view. Both defendants Jones and Harris circumvented the recorded radio dispatch system  with the use of private cell phone applications. Defendant Harris deployed excessive force by drawing his lethal weapon when no imminent threat was present.

Witness Coaching and Falsification of Reports (Defendant Teeples): BWC evidence demonstrates that Defendant Teeples actively coached an investigation witness, manufactured a false narrative of "Plaintiff Fleeing" and falsified an official police report to undermine the integrity of the case.

Witness Coaching and Coercion (Defendant Canon): Defendant Canon deliberately coached a witness to file an unmerited restraining order, repeating himself multiple times until the witness was persuaded to go forward with the additional orders.

Withholding of Exculpatory Evidence (Defendant Sears): Defendant Sears intentionally withheld critical exculpatory evidence, including crash reports, photos, BWC footage, and written testimonies. Defendant Sears willfully refused to comply with open records and FOIA Request Reference Number HR-18-2026, releasing the files only after a judicial subpoena and Motion to Compel were executed by a judge.

Municipal Liability Under Monell (Defendant City of Franklin): The City of Franklin is liable under Monell v. Department of Social Services because the constitutional deprivations suffered by Plaintiff were the direct result of systemic policies, unconstitutional customs, widespread practices, and a failure to train and supervise officers regarding the proper deployment of unmarked units, the mandatory operation of body-worn cameras, the preservation of exculpatory evidence, and open-records compliance.

## Supplemental III. C. Expanded

While Plaintiff's vehicle was stopped, Defendant Jones backed the white Ford F-150 into Plaintiff's front bumper. Plaintiff was entirely unsure of what was happening and initially believed the incident was a case of road rage or mistaken identity.

After sitting stationary for approximately thirty (30) seconds with no individual approaching his vehicle, Plaintiff placed his vehicle in reverse. Keeping his foot on the brake pedal, Plaintiff utilized the vehicle's idle momentum and slowly backed up a few feet to clear space to inspect his front bumper.

At no time did Plaintiff's vehicle make any sudden or erratic movements, and Plaintiff's wheels remained positioned in a straight line.

Immediately after rolling back a few feet, Plaintiff's front bumper was struck again by the white Ford F-150 pickup truck driven by Defendant Jones, nearly instantly the Plaintiff felt a distinct jolt from the rear after being struck by Defendant Harris's vehicle.

A few seconds after the secondary impact, Defendant Sergeant Harris approached Plaintiff's driver-side door with his firearm drawn, shouting commands. This was the first instance where Plaintiff understood that this encounter was a law enforcement action.

The unmarked vehicles used by the undercover FLEX Unit failed to deploy emergency sirens or flashing lights prior to the tactical vehicle intervention. They also failed to use their on-board public address sytem to notify Plaintiff to comply with commands. Defendant Harris and Jones used a more agressive and lethal approach to take Plaintiff into custody when Plaintiff displayed not cause for this action.

Plaintiff complied with all commands and was placed under arrest. Without obtaining Plaintiff's consent, without a search warrant, and lacking any recognized exception to the warrant requirement (such as exigent circumstances or plain view), Officer Jones proceeded to physically enter and search Plaintiff's vehicle. During this unlawful search, Officer Jones located, seized, and searched Plaintiff's personal cell phone(s) without a

## Supplemental III. C. Expanded Continued

warrant. Officer Jones accessed private digital data, text messages, call logs, and applications stored on the cell phones.

Plaintiff was subsequently falsely charged with Aggravated Assault of Law Enforcement, Driving Under the Influence (DUI), and Aggravated Domestic Violence.

Plaintiff was intimidated to comply to chemical blood testing. On September 16, 2025, the District Attorney's office released the official Blood Alcohol Concentration (BAC) report, establishing a BAC of .04% with absolute zero markers for all other controlled substances. The state subsequently declined to pursue the DUI charge, resulting in an expungement on December 4, 2025.